**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juvenile FEMALE, Defendant–Appellant.**

**No. 06–10753.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed April 20, 2007.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The facts and procedural history are known to the parties and are repeated here only as necessary. We review a juvenile delinquency sentence that falls below the statutory maximum for abuse of discretion. *United States v. Juvenile*, 347 F.3d 778, 784 (9th Cir.2003). Our case law and the relevant statutes impose several requirements on a district court which sentences a juvenile to detention.

1. Under 18 U.S.C. § 5037, the district court may sentence a juvenile delinquent who is under 18 years old to official detention, the maximum term being the lesser of the date when the juvenile becomes 21 or the maximum a similarly situated adult would receive. 18 U.S.C. § 5037(c)(1) (2007). Under the advisory Sentencing Guidelines, a similarly situated adult would face 87–108 months incarceration for commission of this crime. The sentence of 10 months detention was well under the maximum sentence authorized by statute.

2. Our case law imposes an additional requirement that "[i]t must be clear from the record, if not explicit, that a district court weighed all of the relevant factors and found that the disposition imposed was the least restrictive means to accomplish a young person's rehabilitation, given the needs of the child and the community." *Juvenile*, 347 F.3d at 787.

It is clear from the record that the district court weighed the relevant factors and properly concluded that detention was the least restrictive means to accomplish the juvenile's rehabilitation. The district court stated that it paid "particular attention" to the presentence report, which details that Appellant suffered from depression and attempted suicide. Appellant stated that she did not receive medical attention for either attempt and that although she felt depressed at times, she has never had any mental health treatment. The district court was concerned that if it simply sent her back to Mexico the court would "have no assurance whatsoever that [Appellant is] going to get the help that [she] needs," but if she remained in the United States for some time, that she might get some treatment.

Consequently, the court recommended that she be sent to a detention facility in Arizona, which has "excellent facilities there for juveniles" where she would receive "educational services, counseling services and mental health services." The court has no jurisdiction in Mexico to ensure that Appellant receives mental health or counseling services. Under 18 U.S.C. § 5037, courts may impose periods of detention for juveniles under a rehabilitative scheme. Here, detention was the only means at the court's disposal to insure that Appellant received treatment.

3. Finally, 18 U.S.C. § 5039 requires that "[w]henever possible, the Attorney General shall commit a juvenile to a foster home or community-based facility located in or near his home community." As discussed above, the district court would not have jurisdiction to enforce juvenile supervision in Mexico or to place her in a facility near her home community. Committing the juvenile to ten months detention in a facility in the United States was reasonable, given the circumstances. Consequently, we hold that the district court did not abuse its discretion in imposing a sentence of ten months detention.

**AFFIRMED.**